UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RALSTON ENRICO SAMUELS,        :
    Petitioner,                :
                               :     PRISONER CASE NO.
v.                             :     3:13-cv-1189 (VLB)
                               :
SCOTT HASSEL, et al.,          :
    Respondents.               :     March 24, 2014

### RULING ON RESPONDENTS' MOTION TO DISMISS [Doc. #18]

The petitioner, Ralston Enrico Samuels, filed this habeas corpus action pursuant to 28 U.S.C. § 2254, challenging his conviction for sexual assault and risk of injury to a minor on the grounds that he was falsely accused, his conviction resulted from malicious prosecution and/or perjured testimony and he was afforded ineffective assistance of counsel.  The respondents have moved to dismiss the petition because the petitioner has not exhausted his state court remedies with regard to all grounds for relief.  For the reasons that follow, the motion to dismiss is granted.

### I. Procedural Background

The petitioner was convicted, after a jury trial, of sexual assault in the second degree and risk of injury to a minor.  On direct appeal, the petitioner challenged his conviction on three grounds:  the trial court improperly replaced a juror with an alternate using a nonstatutorily sanctioned method, the trial court

abused its discretion by allowing the state to amend the long form information after the jury had been impaneled, and the court improperly allowed the state to call multiple constancy of accusation witnesses.  The Connecticut Appellate Court reversed the conviction based on its analysis of the third ground and ordered a new trial.  *State v. Samuels*, 75 Conn. App. 671, 677-96, 817 A.2d 719, 725-36 (2003).  The Connecticut Supreme Court granted the state's petition for certification and, on May 10, 2005, reversed the judgment of the Connecticut Appellate Court.  *State v. Samuels*, 273 Conn. 541, 543-44, 871 A.2d 1005, 1009-10 (2005).

On July 12, 2005, the petitioner filed a petition for writ of habeas corpus in state court.  The state court denied the petition.  *Samuels v. Warden, State Prison*, No. TSR-CV05-4000544-S, 2010 WL 5064654 (Conn. Super. Ct. Nov. 19, 2010).  The Connecticut Appellate Court dismissed the petitioner's appeal in a per curiam decision and, on March 20, 2013, the Connecticut Supreme Court denied certification.  *Samuels v. Commissioner of Correction*, 139 Conn. App. 906, 55 A.3d 626 (2012), *cert. denied*, 308 Conn. 918, 62 A.3d 1132 (2013).

The petitioner commenced this action by petition dated August 14, 2013.

## II. Standard of Review

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws.  28 U.S.C. § 2254(a).

Before filing a petition for writ of habeas corpus in federal court, the petitioner must properly exhaust his state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).

### III. Discussion

In this federal habeas action, the petitioner asserts three grounds for relief. In the first ground, the petitioner alleges that he was falsely accused. In the second ground, he contends that his conviction is the result of malicious prosecution and/or perjured testimony, that the severity of his sentence violates the Eighth Amendment, and that the state destroyed evidence. In the third ground, the petitioner alleges that trial counsel was ineffective because counsel failed to call certain witnesses to testify that the petitioner took the victim and members of her family shopping on the days the assaults occurred, investigate whether the victim had a boyfriend, investigate the dates on which members of the victim's family traveled to Grenada, consult medical and psychiatric experts and challenge the testimony of the state's expert witnesses.

The respondents contend that the petitioner has only exhausted his state court remedies with regard to a portion of his third ground for relief. He has not

presented the remaining portion of the third ground for relief or the first two grounds to any state court.  The petitioner raised three grounds on direct appeal: the trial court improperly replaced a juror with an alternate, allowed the state to amend the information after the jury had been impaneled, and improperly admitted testimony of four constancy of accusation witnesses.  The Connecticut Supreme Court considered the first and third grounds and deemed the second ground abandoned.  *Samuels*, 273 Conn. at 568-73 & 563 n.13, 871 A.2d at 1022-25 & 1020 n.13.  In his state habeas action, the petitioner raised four claims of ineffective assistance of counsel, all relating to medical and psychological testimony.  He argues that counsel should have retained a forensic pediatric gynecologist, was ineffective in his cross-examination of the examining gynecologist, should have retained a forensic psychologist or expert in evaluating child sexual abuse claims, and was ineffective in cross-examining the state's expert.  *Samuels*, 2010 WL 5064654, at *3-6.

  A comparison of the federal grounds with the exhausted claims shows that the petitioner has exhausted his state court remedies only with regard to the claim that trial counsel was ineffective for failing to consult medical and psychiatric experts and to effectively cross-examine the state's experts.  The petitioner has filed a mixed petition, *i.e.,* a petition containing exhausted and unexhausted claims.   Federal district courts are required to dismiss mixed petitions.  See *Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

In 1996, Congress amended the federal habeas corpus statutes to impose a one-year limitations period for filing a federal petition for habeas corpus. *See* 28 U.S.C. § 2244(d). The combined effect of the limitations period and the requirement that mixed petitions be dismissed can result in the petitioner's loss of all of his claims, including those for which he has exhausted his state remedies, because the limitations period may expire while the petitioner returns to state court to pursue his state court remedies on the unexhausted claims. To address this problem, the Second Circuit directed the district court not to dismiss a mixed petition if an outright dismissal would preclude petitioner from having the exhausted claims addressed by the federal court. *See Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court).

The Supreme Court also has endorsed the stay and abeyance procedure where the petition includes exhausted and unexhausted claims. *See Rhines*, 544 U.S. at 277-78 (noting that a stay of federal proceedings to enable the petitioner to return to state court to exhaust his state remedies with regard to some claims should be utilized only in limited circumstances, where the petition contains both exhausted and unexhausted claims, the petitioner demonstrates good cause for failing to exhaust all claims before filing the federal petition and the petitioner may be time-barred if the case were dismissed).

The respondents correctly state that the limitations period did not

5

commence until March 20, 2013, when the Connecticut Supreme Court denied review in his state habeas action. The respondents incorrectly assume, however, that the filing of this action tolls the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that filing federal habeas petition does not toll limitations period). Because the limitations period expired on March 20, 2014, the petitioner might be time-barred from pursuing his exhausted claims should the court enter an outright dismissal of this case.

Because the petitioner has not exhausted his state court remedies with regard to all grounds for relief, the petition is dismissed without prejudice. The petitioner may file a motion to reopen this case after he exhausts his state court remedies. In accordance with the Supreme Court's direction in *Rhines*, the petitioner's motion shall demonstrate good cause for failing to exhaust his state court remedies before commencing this action. The motion to reopen should be accompanied by an amended petition describing how each claim was exhausted.

As an alternative, the petitioner may file a motion to reopen accompanied by an amended petition containing only the exhausted claims. If he elects this option, however, he may be precluded from obtaining federal review of the unexhausted claims.

## IV. Conclusion

The motion to dismiss [Doc. #18] is GRANTED and the petition is dismissed without prejudice. The Clerk is directed to enter judgment in favor of the respondents and to close this case.

**The court concludes that an appeal of this order would not be taken in good faith because no reasonable jurist could conclude that the petitioner has exhausted his state court remedies with regard to all grounds for relief.  Thus, a certificate of appealability will not issue.  See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).**

**SO ORDERED this 24th day of March 2014, at Hartford, Connecticut.**

                              /s/
**Vanessa L. Bryant
United States District Judge**