UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RALSTON ENRICO SAMUELS, :
    Petitioner, :
     :  PRISONER
    v. : CASE NO. 3:13-cv-1189 (VLB)
     :
SCOTT HASSEL and :
SCOTT SATTERFIELD, : March 20, 2017
    Respondents. :

## RULING ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Ralston Enrico Samuels, currently residing in Jamaica, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2000). He challenges his conviction for sexual assault and risk of injury to a minor on the ground that he was afforded ineffective assistance of counsel. For the reasons that follow, the petition is denied.

### I. Procedural Background

The petitioner was convicted, after a jury trial, of sexual assault in the second degree and risk of injury to a minor. On direct appeal, the petitioner challenged his conviction on three grounds: the trial court improperly replaced a juror with an alternate using a nonstatutorily sanctioned method, the trial court abused its discretion by allowing the state to amend the long form information after the jury had been impaneled, and the court improperly allowed the state to call multiple constancy of accusation witnesses. The Connecticut Appellate

Court reversed the conviction based on its analysis of the third ground and ordered a new trial.  *State v. Samuels*, 75 Conn. App. 671, 677-96, 817 A.2d 719, 725-36 (2003).  The Connecticut Supreme Court granted the state's petition for certification and, on May 10, 2005, reversed the judgment of the Connecticut Appellate Court.  *State v. Samuels*, 273 Conn. 541, 543-44, 871 A.2d 1005, 1009-10 (2005).

On July 12, 2005, the petitioner filed a petition for writ of habeas corpus in state court.  In his state habeas action, the petitioner raised four claims of ineffective assistance of counsel, all relating to medical and psychological testimony.  He argued that counsel should have retained a forensic pediatric gynecologist, was ineffective in his cross-examination of the examining gynecologist, should have retained a forensic psychologist or expert in evaluating child sexual abuse claims, and was ineffective in cross-examining the state's expert.  The state court denied the petition.  *Samuels v. Warden, State Prison*, No. TSR-CV05-4000544-S, 2010 WL 5064654, at *3-6 (Conn. Super. Ct. Nov. 19, 2010).  The Connecticut Appellate Court dismissed the petitioner's appeal in a per curiam decision and, on March 20, 2013, the Connecticut Supreme Court denied certification.  *Samuels v. Commissioner of Correction*, 139 Conn. App. 906, 55 A.3d 626 (2012), *cert. denied*, 308 Conn. 918, 62 A.3d 1132 (2013).

The petitioner commenced this action by petition dated August 14, 2013.  He included three grounds for relief.  In the first ground, the petitioner alleged that he was falsely accused.  In the second ground, he argued that his conviction

2

is the result of malicious prosecution and/or perjured testimony, that the severity of his sentence violates the Eighth Amendment, and that the state destroyed evidence.  In the third ground, the petitioner alleged that trial counsel was ineffective because counsel failed to call certain witnesses to testify that the petitioner took the victim and members of her family shopping on the days the assaults occurred, investigate whether the victim had a boyfriend, investigate the dates on which members of the victim's family traveled to Grenada, consult medical and psychiatric experts and challenge the testimony of the state's expert witnesses.

The respondents filed a motion to dismiss, arguing that the petitioner had exhausted his state court remedies only with regard to a portion of the third ground for relief.  The Court granted the motion and dismissed the case.  *See* Doc. #20.  In May 2015, the petitioner moved to reopen the case and proceed only on the exhausted claims.  The Court granted the motion and ordered the respondents to address the merits of the exhausted claims, that trial counsel was ineffective for failing to consult medical and psychiatric experts and effectively cross-examine the state's experts.

## II. Factual Background

The Connecticut Supreme Court determined that the jury reasonably could have found the following facts.  The victim, age thirteen, went to live with her grandmother prior to the start of the 1998-99 school year.  The grandmother, who was partially blind, owned a three-story house.  She lived on the first floor and the

petitioner, who was twenty-four years old, rented a basement apartment. He frequently spent time with the victim and her grandmother. *Samuels*, 273 Conn. at 545, 841 A.2d at 1010.

In the early summer of 1999, the petitioner and the grandmother were involved in a dispute over an allegedly unpaid loan the grandmother had made to the petitioner. After several arguments, the grandmother asked the petitioner to move out of the apartment. The petitioner's former girlfriend helped him move. She told the grandmother that the victim had written letters to the petitioner. The grandmother asked the victim's uncle to determine whether anything inappropriate had occurred between the petitioner and the victim. *Id.*, 841 A.2d at 1010.

In response to her uncle's questions, the victim said that she had sexual intercourse with the petitioner on four separate occasions. The victim's mother immediately notified the police. A police officer interviewed the victim and her family and filed an official report in July 1999. *Id.*, 841 A.2d at 1010.

### III. Standard of Review

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a).

The federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The federal law defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context."  *Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir.), *cert. denied*, 537 U.S. 909 (2002).  Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time of the state court decision.  *See White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) ("[C]learly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions.") (internal quotation marks and citations omitted); *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (same).  Second Circuit law which does not have a counterpart in Supreme Court jurisprudence cannot provide a basis for federal habeas relief.  *See Renico v. Lett,* 559 U.S. 766, 778 (2010) (holding that court of appeals erred in relying on its own decision in a federal habeas action); *see also Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005) (absent a Supreme Court case establishing a particular right, federal court inference of right does not warrant federal habeas relief).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set forth by the Supreme Court or if it decides a case differently than the Supreme Court on essentially the same facts.

*Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court unreasonably applies Supreme Court law when the court has correctly identified the governing law, but unreasonably applies that law to the facts of the case. The state court decision must be more than incorrect; it must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). *See also Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) (federal habeas relief warranted only where the state criminal justice system has experienced an "extreme malfunction"); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (objective unreasonableness is "a substantially higher threshold" than incorrectness).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (standard for evaluating state-court rulings where constitutional claims have been considered on the merits and which affords state-court rulings the benefit of the doubt is highly deferential and difficult for petitioner to meet). The presumption of correctness, which applies to "historical facts, that is, recitals of external events and the credibility of the witnesses narrating them[,]" will be overturned only if the material facts were not adequately developed by the state court or if the factual determination is not adequately supported by the record. *Smith v. Mann*, 173 F.3d 73, 76 (2d Cir. 1999) (internal quotation marks and citation omitted).

In addition, the federal court's review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Pinholster*, 131 S. Ct. at 1398-99. Because collateral review of a conviction applies a different standard than the direct appeal, an error that may have supported reversal on direct appeal will not necessarily be sufficient to grant a habeas petition. *Brecht v. Abrahamson*, 507 U.S. 619, 634 (1993).

## IV. Discussion

In the amended petition, the petitioner contends that trial counsel was ineffective because he failed to consult medical and psychiatric experts and to effectively cross-examine the state's experts.

An ineffective assistance of counsel claim is reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, the petitioner must demonstrate, first, that counsel's conduct was below an objective standard of reasonableness established by prevailing professional norms and, second, that this deficient performance caused prejudice to him. *Id.* at 687-88. Counsel is presumed to be competent. Thus, the petitioner bears the burden of demonstrating unconstitutional representation. *See United States v. Cronic*, 466 U.S. 648, 658 (1984). To satisfy the prejudice prong of the *Strickland* test, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"; the probability must "undermine confidence in the outcome" of the trial. *Strickland*, 466 U.S. at 694. The court evaluates counsel's conduct at the

time the decisions were made, not in hindsight, and affords substantial deference to counsel's decisions.  *See Rompilla v. Beard*, 545 U.S. 374, 381 (2005).  To prevail, the petitioner must demonstrate both deficient performance and sufficient prejudice.  *See Strickland*, 466 U.S. at 700.  Thus, if the court finds one prong of the standard lacking, it need not consider the remaining prong.

The court considers the last reasoned state court decision in evaluating a section 2254 petition.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).  Here, the last reasoned decision was issued by the habeas court.  In that decision, the state court applied the *Strickland* standard.  As the state court applied the correct legal standard, the state court decision cannot meet the "contrary to" prong of section 2254(d)(1).  Accordingly, this Court must determine whether the state court decision is a reasonable application of *Strickland*.  The question the Court must answer "is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."  *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

A. <u>Failure to Retain Experts</u>

The plaintiff first argues that trial counsel was ineffective because he did not retain a forensic pediatric gynecologist and a forensic psychologist or an expert in evaluating child sexual abuse claims.

The state court found that trial counsel was unprepared because he did not research the medical diagnoses in the case. *Samuels v. Commissioner of Correction*, 2010 WL 5064654, at *3.  However, the state court found that trial

8

counsel's performance was not constitutionally deficient. The petitioner did not present any evidence at the habeas trial suggesting that the doctor's findings were wrong. Thus, Plaintiff did not present to the state court any facts from which the court could have found that consultation with or retention of a medical expert would have advanced his defense. In addition, the state court noted that trial counsel's strategy was to discredit the victim. He elected to use the doctor's prestige and expertise to attack the victim's credibility. In closing, trial counsel emphasized what the doctor's findings did not show and noted that the victim had not expressed concern about pregnancy to the doctor. The state court found that criticism of the doctor would adversely affect that strategy. *Id.* at *3-4. The state court found trial counsel's strategy valid and concluded that trial counsel's performance was not deficient. *Id.* at *4.

In opposition, the petitioner directs the court to four Second Circuit cases holding that trial counsel's failure to consult with or retain a medical expert was indicative of ineffective assistance. *See Gersten v. Senkowski*, 426 F.3d 588, 607 (2d Cir. 2005); *Eze v. Senkowski*, 321 F.3d 110, 127-28 (2d Cir. 2003); *Pavel v. Hollins*, 261 F.3d 210 (2d Cir. 2001); *Lindstadt v. Keane*, 239 F.3d 191 (2d Cir. 2001). In reviewing a federal habeas petition, the court must determine whether the state court decision was an unreasonable application of Supreme Court law, not Second Circuit law. *See Renico v. Lett,* 559 U.S. 766, 778 (2010) (holding that court of appeals erred in relying on its own decision in a federal habeas action). Plaintiff has not cited, and research has not revealed, any Supreme Court cases

holding that failure to retain or consult experts in child sexual abuse cases constitutes ineffective assistance of counsel as a matter of law.  Thus, any argument that trial counsel's failure to consult experts is conclusive evidence of ineffective assistance is misplaced.

Further, to the extent that the petitioner asks the court to follow these decisions to conclude that trial counsel's performance was constitutionally deficient, the cases are distinguishable.  In *Gersten,* as here, the issue was raised in a state habeas action.  Unlike this case, *Gersten,* presented evidence from medical experts during the habeas trial showing what trial counsel could have discovered through proper investigation and consultation with experts.  *See Gersten,* 426 F.3d at 608 (petitioner introduced affidavit of doctor describing what counsel would have found had he conducted proper investigation and consulted experts).  In this case, the petitioner failed to present any expert witnesses at the state habeas trial showing that the medical expert's opinions were incorrect or demonstrating what additional evidence might have been presented at trial to counter the testimony of the state's witnesses.  Thus, the state court was unable to determine what benefit retention of or consultation with experts would have afforded.

In addition, in *Gersten*, the Second Circuit found particularly troubling the fact that trial counsel had not examined all of the physical evidence prior to trial, 426 F.3d at 609.  In *Eze,* counsel had not submitted evidence of medical examinations of the victims prior to the alleged sexual abuse where the evidence

would have questioned the expert's conclusions or referenced current medical studies critical of the expert's analysis, 321 F.3d at 126-27, 128-29.  In this case, trial counsel testified at the habeas hearing that he reviewed all of the state's evidence and pursued alternate possible defenses.  The petitioner presented no contrary evidence and presented no witnesses suggesting that the failure to consult an expert was incompetent performance.

In *Lindstadt*, the federal court considered four instances of ineffective assistance together.  In addition to the failure to consult an expert, trial counsel had failed to raise an error regarding the alleged dates of abuse which cast serious doubt on the victim's credibility, announced in open court that his client would not testify unless the state had proven its case, and failed to make an obvious relevancy argument regarding the testimony of two witnesses. *Lindstadt*, 239 F.3d at 199-203.  The court considered all four instances together and concluded, with special emphasis on the factual error, that trial counsel was ineffective.  Here, Plaintiff points to no other errors in counsel's performance.  Instead, he challenges his counsel's trial strategy to challenge the alleged victim's credibility rather than the doctor's conclusion, using the doctor's report to buttress his credibility challenge. A disagreement with trial counsel's logical trial strategy cannot serve as a basis for habeas relief.  *See Murden v. Artuz*, 497 F.3d 178, 197 (2d Cir. 2007) (upholding trial court's finding that petitioner's ineffective assistance claim sounded in mere disagreement with trial counsel's "strategy or tactics" and thus did not constitute ineffective assistance).

Similarly, in *Pavel*, the petitioner raised three instances of ineffective assistance. His attorney assumed the charges would be dismissed and failed to prepare a defense, failed to call two fact witnesses when he was aware of their purported testimony and failed to call a medical expert witness. *Pavel*, 261 F.3d at 211. The Court of Appeals considered the cumulative effect of all three instances with emphasis on the failure to prepare any defense and a "glaring mismatch" between the medical evidence and the victim's allegations. *Id.* at 224. In this case, trial counsel did prepare a defense. Trial counsel testified that his understanding of the case was that the critical issue was the victim's credibility. He chose not to undermine the integrity of the doctor and psychologist but rather to use their testimony to identify inconsistencies in the victim's statements. The state court considered this a valid strategy. Nor did the petitioner identify any glaring discrepancies between the evidence and allegations.

"[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* at 105. Applying this stringent standard and considering the lack of evidence provided by the petitioner, the Court concludes that the state court's determination that trial counsel was not ineffective in failing to consult experts, but was pursuing a valid trial strategy, is not an unreasonable application of federal law. The amended petition for writ of habeas corpus is denied on this ground.

### B. Ineffective Cross-Examination

The plaintiff's second claim is that trial counsel was ineffective in cross-examining the state's expert witnesses. The state court again concluded that trial counsel was pursuing a valid trial strategy in avoiding an attack on the integrity of the witnesses. The state court noted that much of the petitioner's argument was based on one answer the psychologist gave during the habeas trial that was taken out of context. During her testimony, the psychologist explained that her role was an objective interviewer. She did not assume the truth of the victim's statements or make a determination whether the statements were fabricated. Her role was to summarize what the victim reported, not to draw conclusions. Even if the report were fabricated, she still would conduct an interview of the victim. *Samuels v. Comm'r of Corr.*, 2010 WL 5064654, at *5. The petitioner focused on the fact that the psychologist stated that she did not consider fabrication as a possible alternative explanation for the victim's statements and argued that trial counsel should have emphasized this fact. *Id.* at *6.

The state court determined that trial counsel had a valid reason to avoid attacking the psychologist's integrity as an interviewer. As noted above, trial counsel was focused on the victim's credibility. Thus, he used the psychologist to illustrate inconsistencies in the victim's testimony. *Id.* Attacking the psychologist's integrity would have undermined this strategy. The state court concluded that trial counsel's strategic choice was appropriate and did not show deficient performance. *Id.*

13

**The Court concludes that the state court's analysis is a reasonable argument that counsel satisfied the deferential standard set forth in *Strickland*. See *Harrington*, 562 U.S. at 105. The amended petition for writ of habeas corpus is denied on this ground.**

### V. Conclusion

**The amended petition for writ of habeas corpus [Doc. # 25] is DENIED. The court concludes that an appeal of this order would not be taken in good faith. Thus, a certificate of appealability will not issue.**

**The Clerk is directed to enter judgment in favor of the respondent and close this case.**

**SO ORDERED this 20th day of March 2017, at Hartford, Connecticut.**

                                            /s/
                                   **Vanessa L. Bryant**
                                   **United States District Judge**